UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Case No. 1:12-CR-136

v.                                                      HON. ROBERT HOLMES BELL

ANDRES PEREZ BARAJAS,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Defendant Andres Perez Barajas has filed a motion for modification or reduction of sentence (ECF No. 191) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

At the time of Defendant's original sentencing, the Defendant was sentenced to 144 months custody based upon an adjusted offense level of 33, a Criminal History Category I, with a Guideline Range of 135 to 168 months custody. Defendant received a 1 level downward departure at the time of sentencing based upon Defendant's substantial assistance, pursuant to USSG § 5K1.1.

The Probation Department filed a sentence modification report on November 9, 2015 (ECF No. 211). In its report, the probation department recommended the defendant is eligible for reduction in sentence based on defendant currently being an inmate, USSG § 2D1.1 was used in the guideline calculations, and the guideline range applicable to the defendant subsequently has been lowered as a result of the retroactive amendment to the Sentencing Guidelines (782). A reduction of sentence is consistent with the policy statements of the U.S. Sentencing Commission.

In this matter, a mandatory minimum sentence of 120 months incarceration applies. The defendant filed a response to the sentence modification report (ECF No. 215) arguing that the Court has authority to grant a sentence below the mandatory minimum if the case involves a statutory required mandatory minimum sentence and the Court had the authority to impose a sentence below the minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance. The government filed a response to the sentence modification report (ECF No. 218) concurring with the probation department's recommendation that Defendant receive a reduction in sentence pursuant to USSG Amendment 782, of 120 months, the statutory mandatory minimum sentence and a sentence which falls within both the pre-departure and post-departure sentencing range. The government further contends Defendant fails to take into account the one-level downward departure at the time of sentencing that resulted in an amended total offense level of 30 and a Criminal History Level of I, resulting in a guideline range of 97 to 121 months in prison. The post-departure sentencing range becomes 120-120 months in prison based upon the statutory mandatory minimum sentence.

The Court having reviewed the sentence modification report, the defendant's response and the government's response, concurs with the sentence modification report that the statutory

mandatory minimum sentence applies in this case. The court finds an adjusted offense level of 31, a Criminal History Category I and a Guideline Range of 120 to 135 months custody.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for modification of sentence (ECF No. 191) pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**. Defendant Andres Perez Barajas' sentence shall be reduced to **120 months**. An order effectuating the sentence reduction shall issue forthwith.


Dated: December 14, 2015				/s/ Robert Holmes Bell
							ROBERT HOLMES BELL
							UNITED STATES DISTRICT JUDGE